IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Criminal Action No.: 18-cr-0075-5 (JDW) |
| ) | |
| Maurice COOPER, ) | |
| (a.k.a. "Coop," "Coop Deville," "Deville"), ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S MOTION TO DISMISS THE
SECOND SUPERSEDING INDICTMENT AS TO DEFENDANT MAURICE COOPER**

Defendant Maurice Cooper was charged in a five-count Second Superseding Indictment with conspiracy to stalk, stalking, conspiracy to commit kidnapping, kidnapping, and the use of a firearm during and in relation to a crime of violence. The five individuals charged along with Defendant Cooper in this matter have each pleaded guilty pursuant to agreements with the government. Defendant Cooper is currently serving a 75-year prison sentence in connection with a State of Delaware conviction. That state conviction and sentence have been affirmed by the Delaware Supreme Court. *See generally Cooper v. State*, 228 A.3d 399 (Del. 2020). Defendant Cooper is not scheduled to be released from prison until he is nearly 100 years old, if not older. To preserve the government's limited resources, prevent the unnecessary expenditure of the Court's time and resources, and allow the victims and their families to put this horrid chapter of their lives behind them, the government moves to dismiss the Second Superseding Indictment against Defendant Cooper. For those reasons, and those that follow, the government respectfully requests that the Court grant its motion.

## I. Procedural History

1. On January 15, 2018, Defendant Cooper was arrested in connection with a State of Delaware drug trafficking investigation. *Cooper*, 228 A.3d at 403. He was indicted by a New Castle County grand jury on multiple drug and firearm-related charges the following day. Exhibit A (Superior Court Docket) p. 3.

2. On October 4, 2018, a Grand Jury in the District of Delaware returned a four-count indictment against Ryan Bacon, Dontae Sykes, Michael Pritchett, Dion Oliver, Maurice Cooper, and Teres Tinnin. The Indictment contained charges for (i) Conspiracy to Stalk, in violation of 18 U.S.C. § 371; (ii) Stalking, in violation of 18 U.S.C. §§ 2261A(2)(A) and (B) and 2; (iii) Conspiracy to Commit Kidnapping, in violation of 18 U.S.C. §§ 1201(a)(1) and (c); and (iv) Kidnapping, in violation of 18 U.S.C. §§ 1201(a)(1) and 2. (D.I. 3.)

3. On January 17, 2019, a Grand Jury in this District returned a five-count superseding indictment against the same six individuals. The Superseding Indictment contained similar charges to the Indictment, but added an additional count against all six individuals—unlawful use and/or carrying of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2. (*See* D.I. 61.)

4. On February 28, 2019, Defendant Cooper was convicted of various state drug and firearm-related charges following a jury trial. Exhibit A at p. 15.

5. On May 31, 2019, Defendant Cooper was sentenced in Delaware Superior Court to a 75-year term of incarceration. Exhibit B (Superior Court Judgment listing sentences that amount to a 75-year sentence).

6. On January 9, 2020, Defendant Sykes pleaded guilty to the Superseding Indictment. (*See* D.I. 98.)

7.	On March 4, 2020, a Grand Jury in this District returned the operative Second Superseding Indictment against Defendants Bacon, Pritchett, Oliver, Cooper, and Tinnin. (D.I. 106.)

8.	On April 15, 2020, the Supreme Court of Delaware affirmed Defendant Cooper's state conviction and corresponding 75-year sentence. *See generally Cooper*, 228 A.3d 399.

9.	On November 17, 2021, Defendant Tinnin pleaded guilty to Counts One and Two of the Second Superseding Indictment. (D.I. 234.)

10.	On December 13, 2021, Defendant Bacon pleaded guilty to Counts One, Two, Three, and Five of the Second Superseding Indictment. (D.I. 267.)

11.	On January 18, 2022, Defendant Cooper elected to proceed pro se in this matter. The Court subsequently granted the government's motion to sever Defendant Cooper from the then-scheduled trial of co-Defendants Oliver and Pritchett.

12.	On January 31, 2022, Defendants Oliver and Pritchett pleaded guilty to Counts One, Two, Three, and Five of the Second Superseding Indictment.[1] (*See* D.I. 319; D.I. 321.)

## II. Legal Standard – Federal Rule of Criminal Procedure 48(a)

Rule 48(a) provides that "[t]he government may, with leave of court, dismiss an indictment[.]" Although the rule "obviously vest[s] some discretion in the [district] court," *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977) (per curiam), it "does not confer unfettered discretion upon courts to resist motions to dismiss," *In re Richards*, 213 F.3d 773, 777 (3d Cir. 2000). The district court's role in considering a Rule 48(a) motion is a "limited one" as "[f]ew subjects are less adapted to judicial review than the exercise by the Executive of his discretion in deciding . . .

---

[1] The Court has deferred accepting or rejecting Defendant Oliver's and Defendant Pritchett's plea agreements until after it has the chance to review their respective Presentence Investigation Reports.

3

whether to dismiss a proceeding once brought." *In re Richards*, 213 F.3d at 786 (citation omitted); *see also United States v. Fokker Servs. B.V.*, 818 F.3d 733, 742 (D.C. Cir. 2016) ("[D]ecisions to dismiss pending criminal charges—no less than decisions to initiate charges and to identify which charges to bring—lie squarely within the ken of prosecutorial discretion."). The courts of appeals have agreed that "refusal to dismiss is appropriate only in the rarest of cases." *In re Richards*, 213 F.3d at 786.

Courts have identified only a handful of bases upon which a district court's exercise of discretion to deny a Rule 48(a) motion is appropriate. The discretion afforded district courts by the rule is primarily "to protect a defendant against prosecutorial harassment" from, for example, repeated cycles of "charging, dismissing, and recharging[.]" *Rinaldi*, 434 U.S. at 29 n.15. The rule is also designed to safeguard "the public interest in the fair administration of criminal justice and the need to preserve the integrity of the courts." *In re Richards*, 213 F.3d at 787 (quoting *United States v. Carrigan*, 778 F.2d 1454, 1463 (10th Cir. 1985)). A district court, for example, rightly exercises its discretion to deny a motion "motivated by bribery, animus towards the victim, or a desire to attend a social event rather than trial." *In re Richards*, 213 F.3d at 787. A court is therefore "generally required to grant a prosecutor's Rule 48(a) motion to dismiss unless dismissal is 'clearly contrary to manifest public interest.'" *Id.* (cleaned up); *see also United States v. Smith*, 55 F.3d 157, 159 (4th Cir. 1995) ("The disposition of a government's motion to dismiss an indictment should be decided by determining whether the prosecutor acted in good faith at the time he moved for dismissal. A motion that is not motivated by bad faith is not clearly contrary to manifest public interest, and it must be granted.").

So long as the government provides a reasoned basis in support of its Rule 48(a) motion, no hearing is required. *United States v. Wecht*, 2008 WL 65605, at *5 (W.D. Pa. Jan. 4, 2008).

**III.     The Court Should Grant the Government's Rule 48(a) Motion to Dismiss**

Given the 75-year prison sentence Defendant Cooper is serving, and the plea agreements reached between the government and Defendant Cooper's five co-defendants, the government has determined that continuing with its case against Defendant Cooper is not in the public interest.

Were this case to move forward, the government would have to devote significant resources into preparing for a trial against Defendant Cooper alone. Multiple Assistant United States Attorneys and law enforcement officers have devoted a significant amount of their time preparing for the trial that was scheduled to commence on January 31, 2022. Continuing with a case against Defendant Cooper alone would continue to require attorneys and law enforcement officers to devote substantial time to pre-trial and trial issues. That is time those attorneys and law enforcement officers cannot devote to other investigations that can better combat the violent crime that continues to plague communities in Delaware. A continued prosecution of an individual already serving what amounts to a life sentence would divert resources away from that effort.

The government is also mindful of the Court's limited time and resources. Continuing with the prosecution against Defendant Cooper would likely require the Court to hold numerous in-person hearings given Defendant Cooper's pro se status, review and decide an unknown number of pro se motions, and preside over a multi-week trial. And, no matter the result of the government's prosecution, the practical effect on Defendant Cooper would not change—he will spend the next six or seven decades in state custody in connection with his state conviction.[2] Dismissal of this matter as to Defendant Cooper is therefore in the interest of judicial economy.

---

[2] The State of Delaware was the sovereign that first arrested Defendant Cooper. Delaware, accordingly, has "primary custody" over Defendant Cooper. Absent Delaware relinquishing its custody over Defendant Cooper, he would have to serve the entirety of his state sentence before serving any hypothetical federal sentence. *See, e.g.*, *Tejada v. Warden of FCI McKean*, 2021 WL 2662089, at *2 (W.D. Pa. June 29, 2021) (discussing the "primary custody" doctrine and its effect on individuals subject to separate state and federal terms of incarceration).

Granting the government's Rule 48(a) motion will also provide the victims and their families with finality. Defendant Cooper's five co-defendants have all reached plea agreements with the government that include appellate waivers. The defendants that have pleaded guilty include those who are most factually and morally culpable for the underlying crimes, including the individuals who directly kidnapped and murdered K.P. and the individual who fired the bullets that struck six-year-old J.B. in the face. Further prosecution of Defendant Cooper would subject the victims to a trial—and if that trial resulted in a guilty verdict—the potential for years of appellate and post-conviction litigation. Granting the government's motion would therefore enable the victims and their families to put the prosecutorial aspect of this tragedy behind them for good.[3]

The government's motion is not part of a pattern of prosecutorial harassment of Defendant Cooper and is not premised on any improper motive that would suggest granting it would be clearly contrary to the public interest. The Court should allow the government to exercise its prosecutorial discretion to dismiss the Second Superseding Indictment as to Defendant Cooper.

---

[3] The government has consulted with the victims in this matter. They agree with the government's motion.

## IV. Conclusion

For those reasons, the government respectfully requests that the Court grant its motion to dismiss the Second Superseding Indictment as to Defendant Cooper.

                                                  Respectfully submitted,

                                                  DAVID C. WEISS
                                                  UNITED STATES ATTORNEY

                                By:    */s/ Jesse S. Wenger*
                                                  Maureen McCartney
                                                  Jesse S. Wenger
                                                  Christopher L. de Barrena-Sarobe
                                                  Assistant United States Attorneys

Dated: February 28, 2022

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.    ) | **Criminal Action No.: 18-cr-0075-5 (JDW)** |
| ) | |
| **Maurice COOPER,** ) | |
| **(a.k.a. "Coop," "Coop Deville," "Deville"),** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

**AND NOW**, this _____ day of _____, 2022, in consideration of the Government's Motion to Dismiss the Second Superseding Indictment as to Defendant Maurice Cooper, and any opposition thereto, **IT IS HEREBY ORDERED** as follows:

1. The government's Motion is **GRANTED,** and

2. The Second Superseding Indictment, Criminal Action No. 18-cr-75 (JDW), is **HEREBY DISMISSED WITHOUT PREJUDICE** as to Defendant Maurice Cooper.

_____
**JOSHUA D. WOLSON, J.**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.  ) | **Criminal Action No.: 18-cr-0075-5 (JDW)** |
| ) | |
| **Maurice COOPER,** ) | |
| (a.k.a. "Coop," "Coop Deville," "Deville"), ) | |
| ) | |
| **Defendant.** ) | |

## CERTIFICATE OF SERVICE

I, Sherry Kaminski, an employee with the United States Attorney's Office, hereby certify that on the 28th day of February 2022, I caused to be electronically filed:

**Government's Motion to Dismiss the
Second Superseding Indictment as to Defendant Maurice Cooper**

with the Clerk of the Court using CM/ECF. Said document is available for viewing and downloading from CM/ECF. I further certify two copies of said document to be served via U.S. mail upon:

Maurice Cooper
SBI # 00308919
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE 19977
PRO SE

*/s/ Sherry Kaminski*_____
Sherry Kaminski