IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Action No. 18-75-JDW |
| | : | |
| Maurice COOPER, | : | |
| (a.k.a. "Coop," "Coop Deville," "Deville"), | : | |
| | : | |
| Defendant. | : | |

### MEMORANDUM

A federal grand jury charged Maurice Cooper in a Second Superseding Indictment. The government has moved to dismiss the Second Superseding Indictment as to Mr. Cooper without prejudice. Because the reasons the Government gives are not against the public interest, the Court will grant the Motion.

### I.     BACKGROUND

For the sake of brevity, the Court recites only those facts relevant to the Government's Motion. In 2017, tensions arose between Markevis Stanford and Mr. Cooper, Dontae Sykes, Ryan Bacon, Michael Pritchett, Dion Oliver, Maurice Cooper, and Teres Tinnin. Because of these tensions, various Defendants, among other things, shot at Mr. Stanford (several times), forced Mr. Stanford's girlfriend Keyonna Perkins into the trunk of a car, and fatally shot Ms. Perkins. In the course of their attempts to shoot Mr. Stanford, Mr. Oliver also shot a six-year-old who is now permanently disabled.

On October 4, 2018, a federal grand jury charged the six Defendants with conspiracy to stalk, stalking, conspiracy to commit kidnapping, and kidnapping. On January 17, 2019, the grand jury charged Defendants, in a superseding indictment, with the same counts plus unlawful use of a firearm during and in relation to a crime of violence.

Mr. Sykes pleaded guilty to the Superseding Indictment in January 2020. In March 2020 the grand jury charged Mr. Bacon, Mr. Pritchett, Mr. Oliver, Mr. Cooper, and Mr. Tinnin in a Second Superseding Indictment with conspiracy to stalk, stalking, conspiracy to commit kidnapping, kidnapping, and the unlawful use of a firearm during and in relation to a crime of violence. Between November 2021 and January 2022, Mr. Cooper elected to proceed *pro se* and Mr. Tinnin, Mr. Bacon, Mr. Oliver, and Mr. Pritchett reached plea agreements.

Separately, Mr. Cooper was engaged in state proceedings. In January 2018, Mr. Cooper was arrested in connection with a State of Delaware drug trafficking investigation and charged with multiple drug and firearm-related charges. *See Cooper v. State*, 228 A.3d 399, 403 (Del. 2020), reh'g and reargument denied (May 6, 2020). A jury convicted him on several charges, *id.* at 407, and the Delaware Superior Court sentenced him to 75 years in prison. The Supreme Court of Delaware affirmed his conviction and sentence.

On February 28, 2022 the Government moved to dismiss the Second Superseding Indictment as to Mr. Cooper without prejudice. Mr. Cooper does not oppose the Motion.

## II.     LEGAL STANDARD

"The government may, with leave of court, dismiss an indictment." Fed. R. Crim. P 48(a). Rule 48(a) gives the Court "some discretion," but that discretion is "limited." *Rinaldi v. United States,* 434 U.S. 22, 29 n.15 (1977); *see also In re Richards*, 213 F.3d 773, 786 (3d Cir. 2000). A court should refuse to dismiss an indictment under Rule 48 only "in the rarest of cases." *In re Richards*, 213 F.3d at 786. A court may deny a motion to dismiss to protect defendants from prosecutorial harassment or otherwise prevent dismissals that are clearly against the public interest. *Id.* at 786–787. Dismissals against the public interest may include, for instance, dismissals where bribery, animus towards the victim, or a desire to attend a social event rather

than trial motivates the prosecutor by. *See id.* at 787. "[T]o honor the purpose of the rule, the trial court at the very least must know the prosecutor's reasons for seeking to dismiss the indictment and the facts underlying the prosecutor's decision." *United States v. Mastronardo*, No. CRIM.A. 12-388-16, 2015 WL 3796012, at *1 (E.D. Pa. June 18, 2015) (citing *United States v. Derr*, 726 F.2d 617, 619 (10th Cir. 1984)).

### III.   DISCUSSION

The Court concludes that the Government's reasons to dismiss the Second Superseding Indictment as to Mr. Cooper are not contrary to the public interest. The Government sets forth several reasons. *First*, dismissing the Indictment preserves prosecutorial and judicial resources. The Government and the Court would have to devote "significant resources" to prepare for a trial against Mr. Cooper. Dismissing this case permits the Government to focus on other violent crimes in the area. *Second*, dismissing the federal charges would have little practical effect. Mr. Cooper is convicted on state charges and will be in state prison for the next six to seven decades regardless of the outcome of the federal charges. *Third*, dismissing the indictment gives victims and their families finality. All of Mr. Cooper's co-defendants have reached plea agreements with the Government that include appellate waivers. By dismissing the indictment, the victims and their families can avoid a trial and (potentially) appellate and post-conviction litigation. *Fourth*, the co-defendants most factually and morally culpable—those who participated actively in Mr. Perkins' kidnapping and murder and in the shooting of a six-year-old—pled guilty.

None of the Government's reasons suggest the Government seeks to dismiss the Second Superseding Indictment for any improper purpose. And prosecutors' decisions about the allocation of resources are granted "great deference." *United States v. Mastronardo*, No.

CRIM.A. 12-388-16, 2015 WL 3796012, at *2 (E.D. Pa. June 18, 2015) (citing *United States v. Ammidown*, 497 F.2d 615, 621 (D.C. Cir.1973). Accordingly, the Court must grant the Motion.

IV.     **CONCLUSION**

The Government's reasons for dismissing the Second Superseding Indictment are not against the public interest. The Court must therefore grant the Motion. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

March 1, 2022